**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60548
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JONATHAN MEELY,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:96-CR-112LN)

May 25, 1998

Before WISDOM, DUHÉ, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jonathon Meely, a Choctaw Indian, for the attempted sexual abuse of

Rachael Wilson in violation of 18 U.S.C. §§ 1153 & 2242(2)(B). Meely appeals, arguing that there

is insufficient evidence to support his conviction and that the district court erred in admitting his

written confession. We affirm.

Although Meely moved for a judgment of acquittal based upon the insufficiency of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence at the close of the government's case, he did not re-urge that motion at the close of all of the evidence. Our review, then, is for a "manifest miscarriage of justice".[2] We find that Meely's conviction is supported by sufficient evidence. Archie Mingo testified that Wilson passed out drunk in the backseat of his car with her pants and underwear at her knees. Mingo allowed Meely to enter the car. Meely was with Wilson in the backseat for 10 to 15 minutes. Wilson testified that she woke up with Meely on top of her with his pants down. Mingo also saw Meely on top of Wilson. Wilson testified that she did not intend to have sex with anyone. Based upon this evidence, we find that Meely's conviction was not a "miscarriage of justice".

Meely also argues that the district court should have suppressed a written confession he supplied to the police because it was coerced. Meely did not challenge this confession in the district court. Our review, then, is for plain error.[3] The police informed Meely of his *Miranda* rights, and Meely acknowledged that he understood the Miranda explanation. The statement that Meely gave was corroborated by the evidence presented by the prosecution. Even without the confession, Meely's conviction is supported by substantial evidence. Meely has failed to show prejudice from the admission of the confession. We find, then, that the district court's admission of the confession was not plain error.

The judgment of the district court is AFFIRMED.

---

[2]     *United States v. Johnson*, 87 F.3d 133, 135 (5th Cir. 1996).

[3]     *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).